**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHAWN LAMAR HUNT,

Plaintiff,

vs.

ASSA ABLOY ENTRANCE SYSTEMS US, INC., *et al.*,

Defendants.

Case No.: 2:24-cv-01980-GMN-EJY

**ORDER DISMISSING CASE**

On October 22, 2024, Plaintiff Shawn Lamar Hunt initiated this case. (ECF No. 1). On April 20, 2026, Plaintiff's attorneys withdrew from this case and Magistrate Judge Youchah ordered that Plaintiff provide his current mailing address, email address, and telephone number no later than April 27, 2026. (*See generally* Order Granting Mot. Withdraw, ECF No. 46). When Plaintiff failed to do so, the Judge Youchah ordered that the docket be updated to reflect his last known address. (*See* Order, ECF No. 50). It was then ordered that the parties appear in person for a status conference hearing to discuss a Joint Pretrial Order. (*See* Minute Order Denying Proposed Pretrial Order, ECF No. 55). The Court was notified that mail to Plaintiff was returned as undeliverable on September 8, 2026. (ECF No 56). The Court then ordered Plaintiff to update his address no later than September 23, 2026, and warned that failure to do so may result in the Court dismissing the case. (Minute Order, ECF No. 57 (citing LR IA 3-1)). To date, Plaintiff has failed to update his address on the docket. As a result, the Court dismisses the case without prejudice.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining

whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal.

The fifth factor requires the Court to consider whether less-drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed without Plaintiff's updated address, the only alternative is to enter another order setting another deadline. The circumstances here do not indicate that Plaintiff needs additional time. Therefore, setting another deadline is not a meaningful alternative. So, the fifth factor favors dismissal. On balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holding that dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal).

///

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for Plaintiff's failure to update his address in compliance with the Court's deadline.

The Clerk of Court is kindly directed to close this case.

Dated this __1__ day of October, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT